**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 14-6525

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

> FILED
> Oct 13, 2015
> DEBORAH S. HUNT, Clerk

MARK CLAYTON,  )
  )
    Plaintiff-Appellant,  )
  )
v.  )  ON APPEAL FROM THE UNITED
  )  STATES DISTRICT COURT FOR
CHIP FORRESTER, et al.,  )  THE MIDDLE DISTRICT OF
  )  TENNESSEE
    Defendants-Appellees.  )
  )
  )

O R D E R

Before: BOGGS, SUHRHEINRICH, and SUTTON, Circuit Judges.

Mark Clayton, a Tennessee citizen proceeding pro se, appeals the district court's judgment dismissing his claims brought under the Voting Rights Act of 1965 (Voting Rights Act), 52 U.S.C. § 10301, and remanding his remaining state-law claims to the state court in which they originated. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

In 2014, through counsel, Clayton filed a complaint in Tennessee state court against the Tennessee Democratic State Primary Board, numerous members of the Tennessee Democratic State Primary Board, and several officers of the Tennessee Democratic Party (TDP), alleging that they violated his rights under the Voting Rights Act and multiple provisions of state law during the 2012 United States Senate election. In his fourth amended complaint, which he filed pro se after the withdrawal of his trial counsel, Clayton alleged that although Tennessee voters chose him in the primary election as the Democratic candidate for the United States Senate, the

No. 14-6525
- 2 -

TDP campaigned against him, urged voters to write in another candidate of their choice, stated that voters chose him only because his name was first on the ballot, and made various disparaging remarks to the press about him, including remarks about his alleged membership in a hate group. Additionally, he asserted that when he went to TDP headquarters in October 2012 to complain, he was forcibly removed from the premises by the police. The defendants removed the case to federal court.

The defendants subsequently filed a motion to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted. The district court dismissed Clayton's Voting Rights Act claim for failure to state a claim because Clayton did not allege any facts demonstrating that a voter or group of voters had been prevented from voting and because none of the named defendants was a state or a political subdivision thereof, as required by the Voting Rights Act. The district court declined to exercise pendent jurisdiction over the remaining state-law claims and remanded the case to state court for further proceedings.

On appeal, Clayton challenges the district court's dismissal of his Voting Rights Act claim, its failure to comply with "Tennessee's Declaratory Relief Act," and its handling of several of his filings. He does not challenge the district court's decision to remand his remaining state-law claims to the state court. Accordingly, he has abandoned this issue. *See Hills v. Kentucky*, 457 F.3d 583, 588 (6th Cir. 2006) (holding that issues not raised in an opening brief are waived).

As an initial matter, Clayton's appellate brief attempts to incorporate by reference pleadings and transcripts that were previously filed in this case and other "related" cases. This method, however, is insufficient to raise appellate arguments. *See Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 452-53 (6th Cir. 2003). Clayton has also filed a Federal Rule of Civil Procedure 26(b) motion seeking to add into the record his 2015 membership card in the Southern Poverty Law Center. However, under the circumstances in this case, this new evidence cannot be added to the record on appeal. *See Adams v. Holland*, 330 F.3d 398, 406 (6th Cir. 2003) ("[T]he purpose of amendment under [Federal Rule of Appellate Procedure 10(e)] is to

ensure that the appellate record accurately reflects the record before the District Court, *not* to provide this Court with new evidence not before the District Court, even if the new evidence is substantial.").

Liberally construed, Clayton's appellate brief challenges the district court's dismissal of his Voting Rights Act claim for failure to state a claim. This court reviews de novo a district court's dismissal of a complaint under Rule 12(b)(6). *Benzon v. Morgan Stanley Distribs., Inc.*, 420 F.3d 598, 605 (6th Cir. 2005). A complaint will survive dismissal if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The Voting Rights Act states, "No voting qualification or prerequisite to voting or standard, practice, or procedure shall be imposed or applied by any State or political subdivision in a manner which results in a denial or abridgement of the right of any citizen of the United States to vote on account of race or color" or their membership in a language minority group. 52 U.S.C. §§ 10301(a), 10303(f)(2). Clayton's Fourth Amended Complaint alleged that the defendants violated the Voting Rights Act by stating that voters had merely chosen the first name on the ballot when they voted for him in the primary election, which thus implied that voters, including Clayton, were "unable to read, write, understand, or interpret Democratic matters in the English language." R. 34 at 18. However, these alleged facts do not demonstrate that a person or group's right to vote was denied or abridged.

Citing *Smith v. Allwright*, 321 U.S. 649, 663 (1944), Clayton also challenges the district court's determination that there was no state action. The district court determined that there was no state action because neither the Tennessee Democratic State Primary Board nor the TDP had acted as a "State or political subdivision" thereof, as required under § 10301(a).

The issue of whether a party is a state actor is fact-specific and is resolved on a case-by-case basis. *See Chapman v. Higbee Co.*, 319 F.3d 825, 834 (6th Cir. 2003). Here, Clayton did

not allege that the defendants removed him from the Tennessee general election ballot as the Democratic Party nominee or that the defendants hindered voters' ability to vote. Instead, he challenged the defendants' write-in campaign against him, his removal from their headquarters, and their alleged statements disavowing support for him, challenging his legitimacy as a Democrat, and asserting that he was a member of a hate group. These actions do not involve powers traditionally reserved exclusively to the state (public function test), a close nexus between the government and the defendants' conduct (symbiotic relationship or nexus test), or action coerced or encouraged by the state (state compulsion test). *See Chapman*, 319 F.3d at 833-34; *Lansing v. City of Memphis*, 202 F.3d 821, 828–29 (6th Cir. 2000); *see also Max v. Republican Comm. of Lancaster Cty.*, 587 F.3d 198, 202 (3d Cir. 2009). Nor do the defendants' actions involve the racially discriminatory voter qualifications at issue in *Allwright*. *See* 321 U.S. at 664-65; *Cal. Democratic Party v. Jones*, 530 U.S. 567, 573 (2000) (limiting *Allwright* and similar cases to instances of racial discrimination by a political party and noting that these cases do not stand for the broader proposition that political parties' affairs are public affairs that lack First Amendment protections). In light of the foregoing, the district court did not err in dismissing Clayton's Voting Rights Act claim.

Clayton also argues that the district court violated "Tennessee's Declaratory Relief Act" in failing to consider whether declaratory relief was warranted before remanding the case to state court. *See* Tenn. Code Ann. § 29-14-109. However, this state statute does not govern federal courts, and thus this claim lacks merit.

Clayton contends that the district court failed to consider one of his filings: "Plaintiff Memorandum on Federal Question and Voting Rights Act." However, he provides no facts or evidence, other than his own conclusory assertion, that the district court in fact failed to consider the memorandum. Although Clayton also argues that the district court abused its discretion by denying his motion to consolidate his case with *Clayton v. Herron*, No. 3:14-cv-00995 (M.D. Tenn.), the record establishes that *Clayton v. Herron* was dismissed in April 2014 for lack of jurisdiction. *See Clayton v. Herron*, No. 3:14-00995 (M.D. Tenn. Apr. 23, 2014). As a result,

there was no abuse of discretion.  *See* Fed. R. Civ. P. 42(a); *see also Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993).

Clayton argues that the district court erred in not awarding him fees for the service of process and in failing to advise him that he might not recover those fees.  However, the record establishes that although the magistrate judge informed Clayton that it was highly unlikely that he would recover the cost of service on the defendants beyond the cost of service by mail, Clayton chose to personally serve the defendants anyway.  Additionally, because Clayton was not the prevailing party, he was not entitled to court costs under Federal Rule of Civil Procedure 54(d)(1).  Clayton also argues that the district court erred in striking pleadings that were filed on his behalf by an attorney who was not a member of the federal bar because the attorney did not wish to pay the membership fee.  However, the district court did not abuse its discretion in upholding its practice requirements.  *See* M.D. Tenn. L.R. 83.01.

Clayton argues that the magistrate judge erroneously determined that Clayton had agreed to withdraw his motion for a preliminary injunction.  However, even if Clayton did not withdraw the motion, the district court's order dismissing his Voting Rights Act claim for failure to state a claim and remanding his state-law claims demonstrates that he would not have succeeded on such a motion, and thus the district court did not commit reversible error in failing to grant the preliminary injunction.  *See Bays v. City of Fairborn*, 668 F.3d 814, 818-19 (6th Cir. 2012).

In light of the foregoing, the district court's judgment is AFFIRMED, and Clayton's Rule 26(b) motion is DENIED.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk